KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

GREGORY O. OLANIRAN (*pro hac vice*)
LUCY HOLMES PLOVNICK (*pro hac vice*)
STINSON MORRISON HECKER LLP
1150 18th Street NW, Suite 800
Washington, D.C. 20036-3816
Telephone:  (202) 785-9100
Facsimile:  (202) 785-9163

Attorneys for Defendant
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLDWIDE SUBSIDY GROUP, LLC, a Texas Limited Liability Company, dba INDEPENDENT PRODUCERS GROUP; WORLDWIDE SUBSIDY GROUP, LLC, a California Limited Liability Company, formerly named ARTIST COLLECTIONS GROUP, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MOTION PICTURE ASSOCIATION OF AMERICA, INC., a New York Corporation doing business in California; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.  CV08-3701 FMC (MANx)<br><br>The Honorable Florence-Marie Cooper<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT MOTION PICTURE ASSOCIATION OF AMERICA, INC TO TRANSFER**<br><br>DATE:  July 14, 2008<br>TIME:   10:00 A.M.<br>CTRM:  750 Roybal Federal Building |

Mitchell
Silberberg &
Knupp LLP

1  Defendant Motion Picture Association of America, Inc. ("MPAA") hereby
2  submits its Reply Memorandum in Support of its Motion to Transfer the instant
3  cause of action filed by Plaintiffs Worldwide Subsidy Group, LLC, a Texas
4  Limited Liability Company, dba Independent Producers Group and Worldwide
5  Subsidy Group, LLC, a California Limited Liability Company, formerly named
6  Artist Collections Group, LLC (hereinafter collectively referred to as "IPG") to the
7  District of Columbia.

## I.   INTRODUCTION

This action is an attempt by IPG to void or partially rescind an agreement executed by MPAA, IPG and the Librarian of Congress ("Librarian") which addresses the parties' rights with regard to distribution of cable and satellite royalties that were collected by the U.S. Copyright Office ("Office") for 1997, 1998 and 1999 royalty years pursuant to a statutory licensing scheme (the agreement is hereinafter referred to as the "Contract"). See Amended Compl. at ¶¶ 1-4 and 21-29; see also MPAA's Motion to Dismiss (filed June 13, 2008) at pp. 2-6. MPAA moved to dismiss the action in part because IPG failed to (and, in any event cannot) join a necessary and indispensable party and because the action failed to state a claim on which relief can be granted. See id. at pp. 6-19.

In the event that the Court denies MPAA's Motion to Dismiss, MPAA's Motion to Transfer, which IPG opposes, seeks transfer of the instant action to the United States District Court for the District of Columbia because (1) this cause of action "might have been brought" in the District of Columbia District pursuant to 28 U.S.C. § 1391(b) (2002), see Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985), and (2) the majority of the factors laid out in Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000), support the transfer of this case to the District of Columbia District Court.

1  IPG's Opposition raises no argument suggesting that the instant cause of
2  action could not have been brought in the District of Columbia pursuant to 28
3  U.S.C. § 1391(b).  Thus IPG effectively concedes the first part of the test for
4  whether transfer is appropriate here.  See Motion to Transfer at pp. 6-7.  Relying
5  on a flawed argument also articulated in IPG's Opposition to MPAA's Motion to
6  Dismiss – that by dropping its claims related to the 1997 cable royalties, IPG in
7  some way eliminated the Librarian as a party to the Contract – IPG suggests that
8  the factors MPAA cited in its Motion to Transfer the instant proceeding to the
9  District of Columbia District Court are no longer relevant.  This argument is
10 unfounded and must be rejected.[1]  As discussed in detail below, because the
11 majority of the convenience factors articulated in Jones, 211 F.3d at 498, still favor
12 transfer, the Court should deny IPG's Opposition and transfer the case to the
13 District of Columbia District Court, pursuant to 28 U.S.C. § 1404(a) (1996).

15 **II.   THE MAJORITY OF THE FACTORS ARTICULATED IN JONES**
16 **STILL FAVOR TRANSFER.**
17 **A.   Contrary to IPG's Assertions, Testimony From The**
18 **Librarian And The Mediator, Two Non-Party Witnesses,**
19 **Remains Relevant And Required.**
20 As MPAA discussed in its Motion to Transfer, the most important of the
21 Jones convenience factors is the convenience of non-party witnesses, which takes
22 precedence over the convenience of party witnesses.  See Saleh v. Titan Corp., 361
23 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).  Also central to the Court's consideration

---

[1] IPG's Opposition closes with an unsupported allegation that MPAA's reliance on Ms. Oshita and Mr. Bogert's representations regarding their authorization to represent IPG somehow amounted to misconduct.  This argument is specious and, in any event, has no bearing on whether transfer is appropriate.

of this issue is the importance of the witnesses. <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1335-36 (9th Cir. 1984).

Here, resting its argument on a broken foundation, IPG asserts that because its Amended Complaint now asserts no claims as to the 1997 cable royalty year, it has somehow removed the Librarian (and his interests) from this proceeding as a necessary witness. However, this argument fails to acknowledge pertinent facts, namely, that (1) the Librarian remains a party to the Contract, <u>see</u> Amended Compl. at ¶ 3 and (2) the section of the Contract involving the Librarian has specific provisions regarding other cable and satellite royalty years which remain at issue, <u>see</u> Olaniran Dec., Exh. A (Contract), at Part 2, p. 1, ¶ 2. As MPAA discussed in its Reply to IPG's Opposition to the Motion to Dismiss, the Librarian's interest in the Contract was never limited solely to the 1997 cable royalties. <u>See</u> MPAA's Reply to IPG's Opposition to Motion to Dismiss at pp. 5-7; <u>see also</u> Second RJN at Exh. A. Therefore, IPG's Amended Complaint fails to remove the Librarian's interest in the instant cause of action and also fails to eliminate the Librarian as a necessary non-party witness.

Despite the Librarian's clear ties to this proceeding, IPG nevertheless asserts that the Librarian is somehow "irrelevant" as a witness because neither he nor his representatives are "witness[es] as to the communications between Lisa Galaz's counsel and the MPAA regarding Ms. Oshita and Mr. Bogert's lack of authority." IPG Opposition at p. 9, lines 6-8. This is blatantly untrue. Counsel for the Librarian, William Kanter and Anne Murphy,[2] were addressees of Mr. James C. Sun's November 3, 2003 letter and Mr. Bogert's March 31, 2004 letter, which are both communications from IPG's counsel regarding Marian Oshita's authority to enter the Contract on IPG's behalf. <u>See</u> Amended Compl. at Exh. A, p. 1; Olaniran

---

[2] Mr. Kanter and Ms. Murphy are affiliated with the United States Department of Justice, who represented the Librarian in the negotiations which resulted in the Contract. Ms. Murphy also executed the Contract on the Librarian's behalf. Olaniran Dec., Exh. A (Contract), at Part 2, p. 3.

Dec., Exh. A (Contract), at Part 1, Attachment A. Not only was the Librarian, through his counsel, a witness to these communications, it is also apparent that the same representations regarding Ms. Oshita's authority were made to the Librarian as were made to MPAA. Clearly, as a party to the Contract, the Librarian's testimony regarding these letters and the parties' understanding regarding these letters at the time the Contract was entered is not only relevant but essential to this proceeding. As a non-party witness, the Librarian's presence in the District of Columbia is a compelling factor favoring transfer.

IPG also suggests that the mediator's presence in the District of Columbia is not a factor that favors transfer, arguing that the mediator is not a witness as to "whether Ms. Oshita and Mr. Bogert lacked authority." IPG Opposition at p. 8, line 22 (emphasis in original). This argument fails to address the fact that IPG has not only made allegations in its Amended Complaint regarding communications between IPG's counsel and the mediator, but also attached to the Amended Complaint a letter from IPG's counsel to the mediator concerning this very issue. See Amended Compl. at ¶¶ 6-7 and Exh. B. In fact, the letter attached to the Amended Complaint makes specific reference to other communications that took place between counsel for IPG and the mediator, which IPG has chosen not to attach to the Amended Complaint. See Amended Compl. at Exh. B, p. 1 ("I am in receipt of your letter dated July 27, 2003."). Because it is clear that the mediator and various IPG representatives were in contact while the Contract was being negotiated, and because the mediator managed all negotiations between the parties,[3] the mediator is a necessary non-party witness. Because the mediator is

---

[3] IPG's Opposition assumes that, because the mediator was appointed by the United States Circuit Court of Appeals for the District of Columbia, her role in the settlement negotiations was in some way limited to resolving the appellate cases. IPG Opposition at p. 7, n. 5, lines 26-28. IPG has offered no support for this assumption, and it is inaccurate.

Mitchell Silberberg & Knupp LLP

4

located in the District of Columbia, see Plovnick Dec. at Exh. A, her presence there is also a compelling factor favoring transfer.

### B. IPG's Amended Complaint Has No Effect On The Other Convenience Factors Cited By MPAA.

IPG pays short shrift to the other convenience factors identified by MPAA which demonstrate that the cause of action should be transferred to the District of Columbia District Court, arguing that they are "not relevant to this action." IPG Opposition at p. 7, line 6. Unlike IPG's legally unsupportable argument, the factors cited by MPAA rely on the list of factors recognized by the Ninth Circuit as relevant in determining whether transfer is appropriate under 28 U.S.C. § 1404(a) in Jones. See Jones, 211 F.3d at 498-99. These Jones factors include: (1) the Contract was negotiated in the District of Columbia and executed by at least two parties in the District of Columbia, (2) IPG's cause of action has more contacts with the District of Columbia District than the Central District of California, (3) crucial non-party witnesses are located in the District of Columbia, and (4) costs, especially for non-party witnesses, will be dramatically increased if the case is not transferred. These factors, taken from Jones, clearly favor transfer of this case to the District of Columbia District Court. IPG has cited no case law or other authority to support its assertion that the Jones factors are somehow irrelevant to the Court's decision regarding transfer, and, accordingly, the Court should reject IPG's argument.

Relying again on its unsupported argument that the Amended Complaint somehow eliminates the Librarian (and all facts related to the Librarian) from this case, IPG suggests that some of the contacts between IPG's cause of action and the District of Columbia that were identified by MPAA should be eliminated from the Court's consideration in deciding the Motion to Transfer. IPG Opposition at p. 6, line 28 and p. 7, lines 1-2. As MPAA demonstrated supra, the Librarian's interest in the Contract (and also in this proceeding) is not limited to the 1997 cable

1  royalties. Therefore, all of the contacts MPAA identified involving acts by the
2  Librarian remain relevant for the Court to consider in determining whether the case
3  should be transferred.

### III.  CONCLUSION

For the foregoing reasons, and for the reasons articulated in MPAA's Motion to Transfer, MPAA respectfully requests that this Court enter an order transferring the instant action to the District of Columbia District Court, pursuant to 28 U.S.C. § 1404(a).

DATED: July 7, 2008

GREGORY O. OLANIRAN
LUCY HOLMES PLOVNICK
STINSON MORRISON HECKER LLP

KARIN G. PAGNANELLI
MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By:     /s/ Karin G. Pagnanelli
KARIN G. PAGNANELLI
Attorneys for Defendant
MOTION PICTURE ASSOCIATION
OF AMERICA, INC.

1  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
2  MARC E. MAYER (SBN 190969)
   mem@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
5  Facsimile:  (310) 312-3100

6  GREGORY O. OLANIRAN (*pro hac vice*)
   LUCY HOLMES PLOVNICK (*pro hac vice*)
7  STINSON MORRISON HECKER LLP
   1150 18th Street NW, Suite 800
8  Washington, D.C. 20036-3816
   Telephone:  (202) 785-9100
9  Facsimile:  (202) 785-9163

10 Attorneys for Defendant
   MOTION PICTURE ASSOCIATION OF
11 AMERICA, INC.

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15 | WORLDWIDE SUBSIDY GROUP,            | CASE NO.  CV08-3701 FMC (MANx)
   | LLC, a Texas Limited Liability
16 | Company, dba INDEPENDENT            | The Honorable Florence-Marie Cooper
   | PRODUCERS GROUP; WORLDWIDE
17 | SUBSIDY GROUP, LLC, a California
   | Limited Liability Company, formerly  | **DECLARATION OF LUCY
18 | named ARTIST COLLECTIONS            | HOLMES PLOVNICK IN SUPPORT
   | GROUP, LLC,                          | OF DEFENDANT MOTION
19 |                                      | PICTURE ASSOCIATION OF
   |              Plaintiffs,             | AMERICA, INC.'S REPLY
20 |                                      | MEMORANDUM IN SUPPORT OF
   |        v.                            | MOTION TO TRANSFER**
21
22 | MOTION PICTURE ASSOCIATION
   | OF AMERICA, INC., a New York         | DATE:   July 14, 2008
23 | Corporation doing business in        | TIME:   10:00 A.M.
   | California; and DOES 1 through 10,   | CTRM.:  750 Roybal Building
24 | inclusive,

25              Defendants.

26

27

28

# DECLARATION OF LUCY HOLMES PLOVNICK

I, LUCY HOLMES PLOVNICK, declare:

1. I am over 18 years of age and am an attorney at law duly licensed to practice law in the States of Rhode Island and Massachusetts, and the District of Columbia. I am an associate with the law firm of Stinson Morrison Hecker LLP, attorneys of record for Defendant MOTION PICTURE ASSOCIATION OF AMERICA, INC. My office is located at 1150 18th Street, N.W., Suite 800, Washington, D.C., 20036. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a print-out of a page from the web site for the District of Columbia Bar which confirms that Deanne C. Siemer practices law within the District of Columbia, and maintains an office at 4242 Mathewson Drive, N.W., Washington, D.C., 20011-4248.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of July, 2008, at Washington, D.C.

*Lucy Holmes Plovnick*
LUCY HOLMES PLOVNICK

# EXHIBIT A



- For Lawyers
- For the Public
- Inside the Bar

**Search Results**

Search again.

Records matching your search criteria: 1



1. **Deanne C Siemer**
   Wilsie Co LLC
   4242 Mathewson Dr NW
   Washington DC 20011-4248

   Email: wilsieco@aol.com
   Phone: 202-726-6269
   Fax: 202-829-7598

   Membership Status: Active
   Disciplinary history: No
   Date of admission: June 2, 1969

   [ Save contact ]



Program on Negotiation at Harvard Law School
Program of Instruction for Lawyers @ PON
JUNE 2008

The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Parking**
©2008 District of Columbia Bar. **Restrictions on Use** All rights reserved. **Privacy Policy** | **Disclaimer** | **Author guidelines**

Exhibit A
Page 2