JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WORLDWIDE SUBSIDY GROUP, LLC et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>MOTION PICTURE ASSOCIATION  )<br>OF AMERICA, INC.,  )<br>  )<br>Defendants.  ) | 2:08-cv-03701-FMC-MANx<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS |
|---|---|

These matters are before the Court on Defendant Motion Picture Association of America, Inc.'s Motion to Transfer (docket no. 12) pursuant to 28 U.S.C. § 1404(a) and Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) (docket no. 10), filed June 13, 2008. The Court has read and considered the moving, opposition, and reply documents filed in connection with these motions. The Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for August 18, 2008 is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby GRANTS Defendant's Motion to Transfer and DENIES AS MOOT Defendant's Motion to Dismiss.

/ / /

## I. Procedural History

Plaintiffs filed suit in the Los Angeles Superior Court, seeking a judicial declaration that a settlement agreement, entered into among plaintiff, defendant, and the United States Librarian of Congress, is invalid and should be rescinded. Defendant removed the matter to this Court and seeks a transfer of the action to the United States District Court for the District of Columbia.[1]

## II. Background

Pursuant to 17 U.S.C. §§111 and 119, the United States Copyright Office collects compulsory license royalties from cable operators and satellite television carriers for distant retransmission of programming. The Copyright Office is a department within the Library of Congress. If parties who assert claims to the compulsory license royalty fund are unable to reach an agreement regarding distribution of the funds, a Copyright Arbitration Royalty Panel is convened to resolve the dispute. See 17 U.S.C. §§801, 802(c), *Nat'l Ass'n of Broadcasters v. Librarian of Congress,* 146 F.3d. 907, 9120-13 (D.C. Cir. 1998). The decision of the Panel is reviewable by the Librarian, who thereafter issues a final agency determination as to the royalty distribution. 17 U.S.C. § 802(f). Any appeal of the Librarian's decision goes to the United States Court of Appeals for the District of Columbia Circuit. 17 U.S.C. § 802(g).

In this case, plaintiffs, defendant, and the Librarian of Congress entered into a two-part settlement agreement following a dispute over distribution of royalty

---

[1] Defendant simultaneously filed a Motion to Dismiss plaintiff's Complaint, for failure to join a necessary party (docket no. 10). Thereafter, plaintiffs filed a First Amended Complaint, seeking to cure the defects in the original pleading. The Motion to Dismiss the Complaint is, therefore, moot.

proceeds. The settlement agreement was the culmination of protracted proceedings which included a lengthy evidentiary hearing, findings and revised findings submitted to the Librarian, a remand for further consideration by the Agency, and an Appeal to the D.C. Circuit Court of Appeals. In the action before this Court, plaintiffs seek to invalidate that settlement agreement.

Defendant contends that the matter should be transferred to the District of Columbia, on two grounds: First, that it might properly have been filed there, pursuant to 28 U.S.C. §1391(b). That contention is undisputed. Second, defendants assert that it more properly belongs in, and should be transferred to, the District of Columbia under the authority of 28 U.S.C. §1404(a).

### III. Standard of Law

Section 1404(a) of title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer lies within the broad discretion of the Court and requires "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (internal quotation marks omitted)). The court must weigh multiple factors in determining whether transfer is appropriate. *Id.* These factors may include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

Although section 1404(a) is often referred to as a codification of the common-law doctrine of *forum non conveniens*, it differs in two important ways: (1) Section 1404(a) applies only to transfers within the federal court system, and not to cases in which the alternative forum is foreign (and where the common law still governs), and (2) a court may grant a motion to transfer under Section 1404(a) with a lesser showing than it may dismiss a case for *forum non conveniens*. As the Supreme Court has explained

> When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on forum non conveniens. As this Court said in Ex parte Collett, 337 U.S. 55-61, Congress, in writing § 1404 (a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404 (a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955); *see also e.g. Cunningham v. Ford Motor Co.*, 413 F. Supp. 1101, 1105 (D.S.C. 1976) ("The provisions of 28 U.S.C. § 1404(a) for transfer of venue are often regarded as a codification of the *forum non conveniens* doctrine, although the statutory provisions are far more liberal than the common law version.")

## IV. Discussion

Plaintiffs oppose the Motion to Transfer on the basis that both plaintiff and defendant do business in California, and the issues raised by the Complaint concern witnesses located in this District. Plaintiffs assert that the Complaint for rescission of the settlement agreement is based on whether certain representatives of plaintiff Independent Producers Group (IPG) had authority to enter into the settlement agreement; that issue, they contend, is affected by the result of litigation conducted in Los Angeles. Defendants argue that most of the factors established in *Jones v.*

1    *GNC Franchising, Inc., supra,* 211 F.3d. at 498, favor transfer.

3        The Court agrees with defendant. The contract at the heart of this litigation was negotiated and executed in the District of Columbia, with the assistance of a mediator based in the District of Columbia. Both the Librarian and MPAA are located there. Further, most of the events giving rise to the settlement agreement occurred in the District of Columbia.

       With respect to convenience of witnesses, plaintiffs assert that Ms. Oshita of IPG and the two attorneys involved in the litigation all reside in this District.[2] Even if true, this does not outweigh the fact that most witnesses to the creation of the contract are in the District of Columbia. Although plaintiffs have elected not to name the Librarian as a party, he is nonetheless a necessary witness to the events surrounding the creation of the agreement.

       The contract is governed by federal common law, and contains a choice-of-law provision selecting the law of the District of Columbia.

## V. Conclusion

       The Motion to Transfer this matter to the United States District Court for the District of Columbia (Docket #12) is GRANTED. The Motion to Dismiss (Docket #10) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: August 13, 2008                      _/s/ Florence-Marie Cooper_

                                        FLORENCE-MARIE COOPER, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[2] The Court is unimpressed with plaintiffs' "evidence" concerning Ms. Oshita's domicile. The document cited merely reflects that she receives mail through her Los Angeles attorneys.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**To:** Clerk, United States District Court
_____ District of _____
_____

**Re:** Transfer of our Civil Case No. _____
Case Title: _____

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐  Original case file documents are enclosed in paper format.
☐  Electronic Documents are accessible through Pacer.
☐  Other: _____
_____

Very truly yours,

Clerk, U.S. District Court

Date: _____    By _____
                                              Deputy Clerk

*cc:*  *All counsel of record*

## TO BE COMPLETED BY RECEIVING DISTRICT

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☐  CivilIntakecourtdocs-LA@cacd.uscourts.gov    (Los Angeles Office)
☐  CivilIntakecourtdocs-RS@cacd.uscourts.gov    (Riverside Office)
☐  CivilIntakecourtdocs-SA@cacd.uscourts.gov    (Santa Ana Office)

Case Number: _____

Clerk, U.S. District Court

Date: _____    By _____
                                              Deputy Clerk

CV-22 (05/08)                **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**